# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:16-cr-00064-MR-DLH-14

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **QUINTON JAVON MOSLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Amend Presentence Report & Addendum to Presentence Report" [Doc. 439].

The Defendant moves for an Order correcting the record contained in his Presentence Report (PSR). Specifically, the Defendant notes that the PSR states that the Defendant reported to the probation officer that "he experimented with marijuana approximately four years prior to the commencement of his instant offense and he no longer uses this substance." [Doc. 291 at 52 ¶ 200]. The Defendant states, however, that this statement was false, and that the PSR should be corrected to note that the Defendant

regularly used marijuana until his arrest for the instant offense. [Doc. 439 at 2].[1]

Rule 32 of the Federal Rules of Criminal Procedure provides a means by which a defendant can file objections to the PSR. See Fed. R. Crim. P. 32(f). The Defendant, however, did not object to the PSR on this basis, nor did he raise this issue on direct appeal. Accordingly, the Defendant has waived further challenge to his PSR. See United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989); United States v. Scott, 8 F. App'x 275, 276 (4th Cir. 2001) (per curiam).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Amend Presentence Report & Addendum to Presentence Report" [Doc. 439] is **DENIED**.

**IT IS SO ORDERED.**     Signed: May 28, 2018

Martin Reidinger
United States District Judge

---

[1] The Defendant argues that he was afraid that he would receive a longer term of imprisonment if he admitted to his drug use. The Defendant further argues that the instant offense was his "first time being arrested and being incarcerated, so he was unaware that he would not receive an additional imprisonment sentence if he told the truth about his drug abuse marijuana problem." [Doc. 439 at 2]. However, the Defendant's criminal history, which is extensively documented in the PSR, belies this assertion. [See Doc. 291 at 46-50 ¶¶ 166-84].